UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROGER BOUDREAUX, JR. | CIVIL ACTION |
| VERSUS | NO. 25-1073 |
| NOPD OFFICER PREVOST, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is defendants the City of New Orleans, NOPD Officer Christopher Prevost, and NOPD Officer Rydell Floyd's motion to dismiss[1] plaintiff's amended complaint.[2] Plaintiff Chief Little Sun Roger Boudreaux, Jr. has filed a motion for leave to amend his complaint,[3] and has filed multiple additional motions that are currently pending before the Court.[4] For the following reasons, the Court grants defendants' motion to dismiss plaintiff's amended complaint, denies plaintiff's motion for leave to amend, and denies as moot all other motions.

---

[1]   R. Doc. 24.
[2]   R. Doc. 22.
[3]   R. Doc. 28.
[4]   R. Docs. 13, 17, 23.

## I. BACKGROUND

This case arises out of a traffic stop conducted by NOPD Officer's Prevost and Floyd, and the subsequent arrest of plaintiff and impoundment of his vehicle.[5] Plaintiff brings claims under 42 U.S.C. § 1983 against NOPD Officers Prevost and Floyd, Gary's Towing Company, and the City of New Orleans.[6] Defendants, NOPD Officer's Prevost and Floyd, and the City of New Orleans move to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).[7] Plaintiff did not file an opposition but instead seeks leave to amend his complaint for the second time.[8] Plaintiff also brings various motions before the Court.[9]

The Court considers the motions below.

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially

---

[5]   R. Doc. 22 ¶¶ 8-14.
[6]   *Id.* at ¶¶ 15, 2-4.
[7]   R. Doc. 24.
[8]   R. Doc. 28.
[9]   R. Docs. 13, 17, 23.

plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See Iqbal*, 556 U.S. at 678. It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an

3

opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "The district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

Because plaintiff is a *pro se* litigant, the Court will "apply less stringent standards . . . than [it would] to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a pro se plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 951-52 (5th Cir. 2009). Therefore, even a liberally construed pro se complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

## III. DISCUSSION

### A. Claims Against the City

To state a section 1983 claim against a municipal entity, plaintiffs must satisfy the requirements outlined in *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). *See Los Angeles Cty. v. Humphries*, 562

U.S. 29, 36-37 (2010). Under *Monell*, plaintiffs must allege the existence of (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010). These elements are necessary "to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citations omitted).

Here, plaintiff has not identified any policy or custom attributable to the City of New Orleans, let alone that such a policy or custom was the *moving force* behind the alleged constitutional violations. Plaintiff's amended complaint does not mention any custom of the City of New Orleans whatsoever. Plaintiff has plainly failed to identify the policy or custom which allegedly caused the deprivation of his federal rights. The Court therefore must dismiss plaintiff's allegations against the City of New Orleans.

**B. Claims Against Officers Prevost and Floyd in Their Official Capacities**

Boudreaux states that he is suing Officers Prevost and Floyd in their official capacities. Section 1983 prohibits "persons" acting under the color

of law from depriving another of any "rights, privileges, and immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  Defendants Officers Prevost and Floyd are not "persons" under Section 1983.  Because claims against officers in their professional capacities are really claims against the government entity, these claims require that a policy or custom of the City of New Orleans directly led to the constitutional violation found. *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).  Accordingly, Boudreaux must plead facts that plausibly establish: (1) an official policy or custom of the City of New Orleans, (2) a policymaker, and (3) a violation of constitutional rights whose "moving force" is the violation of that policy or custom. *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 285 (5th Cir. 2020) (cleaned up).  Boudreaux's complaint is wholly devoid of any mention of a policy or custom of the City of New Orleans, let alone that such policy or custom was the "moving force" of the alleged constitutional violation.  As such the Court must dismiss plaintiff's claims against the Officer defendants in their official capacities.

## C. Claims Against Officers Prevost and Floyd in Their Individual Capacities

To the extent that Boudreaux is attempting to sue Officers Prevost and Floyd in their individual capacities, these claims must likewise be dismissed. Officers Prevost and Floyd invoke the defense of qualified immunity.

It is well established that qualified immunity shields public officials from suit and liability under § 1983, "so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)); *accord Crane v. City of Arlington*, 50 F.4th 453, 463 (5th Cir. 2022). At the motion-to-dismiss stage, the Court looks to "defendant's conduct *as alleged in the complaint*" to determine whether a defendant is entitled to qualified immunity. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (emphasis added).

"Once a defendant invokes the qualified immunity defense, the plaintiff carries the burden of demonstrating its inapplicability." *Floyd v. City of Kenner*, 351 F. App'x 890, 893 (5th Cir. 2009) (cleaned up). To satisfy that burden at the motion to dismiss stage, the plaintiff must allege facts sufficient to demonstrate (1) that the defendant violated a constitutional

7

right, and (2) that the violated right was "clearly established" at the time of defendants' alleged actions. *Pearson*, 555 U.S. at 231.

In plaintiff's amended complaint, he alleges that the Officer defendants are liable because they "unlawfully stopped [plaintiff] . . . while traveling on public highways," "attempted to unlawfully assert jurisdiction over [plaintiff]," "unlawfully falsified impound documents," and "trespassed on [p]laintiff's land and arrested him," during which he was injured.[10] Construing plaintiff's complaint liberally, he is attempting to bring claims against the Officer defendants for unreasonable search and seizure, and use of excessive force.

### 1. *Unreasonable search and seizure*

The Court begins with the threshold question of whether plaintiff has plausibly alleged that defendants violated a constitutional right. *See Lytle v. Bexar Cnty.*, 560 F.3d 404, 410 (5th Cir. 2009) ("If we determine that the alleged conduct did not violate a constitutional right, our inquiry ceases because there is no constitutional violation for which the government official would need qualified immunity."). Police officers may constitutionally stop a vehicle and check the driver's license and registration if there is an "articulable and reasonable suspicion that a motorist is unlicensed or that an

---

[10]    R. Doc. 22.

8

automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law." *Delaware v. Prouse*, 440 U.S. 648, 663 (1979).  Plaintiff provides no factual allegations as to how the stop was "unlawful," outside of an unsupported assertion that defendants lacked "jurisdiction over him."  Plaintiff admits that he was "travelling on public highways" and alleges that defendants stated that his "private license plate" was the reason for the stop.  In Louisiana, cars must have a permanent, visible license plate.  La. R.S. 32:53(2).  Plaintiff's "private license plate" provided the Officer defendants with reasonable suspicion to stop him.  Once stopped, Boudreaux was cited for several traffic violations—driving with a suspended license, lacking proof of insurance, and operating an unregistered vehicle with a fraudulent license plate.[11]  Boudreaux was then arrested, and his vehicle was impounded.

As the Officers had cited Boudreaux for multiple traffic violations, the arrest was lawful.  *See United States v. Harris*, 566 F.3d 422, 435 (5th Cir. 2009) ("The Supreme Court has held that warrantless arrests for traffic

---

[11]  R. Docs 24-1 at 1-2; 24-2.  Because the Louisiana Uniform Traffic Ticket and Complaint and municipal court record are central to plaintiff's claims, the Court considers them in connection with the motion to dismiss. *Brand Coupon Network*, 748 F.3d at 635 (finding that courts may consider documents attached to a motion to dismiss if they "are referred to in the pleadings and are central to a plaintiff's claims.").

9

offenses, such as driving with a suspended license, are permitted when the officers have probable cause to believe that a crime has been committed in their presence."); *Atwater v. City of Lago Vista*, 532 U.S. 318 (2001) (holding that warrantless arrests for minor non-violent crimes are constitutional). And the impoundment of the vehicle was required under Louisiana law, which provides that "[i]f the operator of a motor vehicle is unable to show compliance with [insurance requirements under Louisiana law] by displaying the required document when requested to do so, the motor vehicle *shall* be impounded." La. R.S. 32:863.1C.(1)(a) (emphasis added); *see also United States v. Swan*, 259 F. App'x 656, 660-61 (5th Cir. 2007). Accordingly, plaintiff has failed to allege any constitutional violation related to the traffic stop and resulting arrest and vehicle impoundment.

   2. *Excessive force*

To the extent that Boudreaux is attempting to bring an excessive force claim, that too fails. To establish an excessive force claim, the plaintiff must show that he suffered "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006) (citing *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)). Boudreaux alleges that during his arrest he "fell to the ground, injuring his

10

left knee, which required medical attention."[12] Boudreaux alleges no facts as to what caused him to fall, let alone enough facts to support that the fall "resulted directly and only from the use of force that was excessive to the need." *Id.* In his amended complaint, plaintiff linked multiple videos which he alleges support his claims. Most of these videos are no longer viewable on YouTube, but the videos the Court was able to review provide no evidence to support plaintiff's claims. Video one displays a man, presumably plaintiff, refusing to cooperate with an arrest and refusing to stand up. It provides no evidence of excessive force. As plaintiff provides no other evidence of excessive force, he has failed to establish an excessive force claim.

### D. "Right to Travel Unencumbered"

Plaintiff additionally alleges that defendants have violated his "right to travel unencumbered." "[T]he constitutional right to travel from one State to another is firmly embedded in [Supreme Court] jurisprudence." *Saenz v. Roe*, 526 U.S. 489, 498 (1999) (cleaned up). The right to travel has three components: (1) "the right of a citizen of one State to enter and to leave another State"; (2) the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State"; and (3) the right "for those travelers who elect to become permanent residents, . . . to be

---

[12]   R. Doc. 22 at ¶ 11.

11

treated like other citizens of that State." *Id.* at 500. This right is not absolute. And this right is not violated by state traffic laws at issue here. *See e.g., Hendrick v. Maryland*, 235 U.S. 610, 622 (1915) ("[A] state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles."); *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 995 (8th Cir. 2016) ("A state may enforce conventional traffic regulations—even if they deter travel—without violating the fundamental right to travel."). That plaintiff is subject to Louisiana's traffic laws does not mean that his right to travel has been violated. As Louisiana is within its authority to prescribe and enforce traffic laws of the sort that underlie Boudreaux's arrest and the impoundment of his vehicle, he has failed to adequately plead an infringement on his right to travel.

### E. Claims Against Gary's Towing

District Courts have the inherent authority to *sua sponte* dismiss a *pro se* litigant's frivolous or malicious complaint even when they are not proceeding *in forma pauperis*. *Fitzgerald v. First East Seventh Street Tenants*, 221 F.3d 362, 363-64 (2d Cir. 2000); *Curtis v. Kunz-Freed*, 2017 WL 7371194, at *3 (S.D. Tex. May, 16, 2017); *Holman v. Wooten*, 2010 WL 691263, at *2 (D.S.C. Feb. 24, 2010). Further, the Supreme Court has stated

in dicta "that federal courts have the inherent power to dismiss frivolous lawsuits." *Curtis*, 2017 WL 7371194, at *3 (citing *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-08 (1989) ("Statutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.")).

Plaintiff's allegations, as they apply to Gary's Towing, are undeniably frivolous. The only allegation that plausibly applies to Gary's Towing is that Boudreaux's car was seized and, as of the time of his amended complaint, not returned. The impounding of Boudreaux's vehicle following his arrest was not a violation of Boudreaux's constitutional rights.[13] Nor does the continued storage of his vehicle constitute a constitutional violation. As stated above, Louisiana law requires a police officer to impound a vehicle if its operator is unable to provide proof of insurance. La. R.S. 32:863.1C.(1)(a). The law further provides that "[t]he impounded vehicle *shall remain* impounded . . . until such time as proof of valid insurance is

---

[13] Boudreaux also alleges that this was a violation of Louisiana law, but he brings no claim under Louisiana law. And, as described above, Louisiana law instructs that Gary's Towing may not release Boudreaux's vehicle until certain conditions have been met.

13

given to the Department of Public Safety and Corrections" and "*in no event* shall a car be released from impoundment until such time as proof, in writing, has been presented from the Department of Public Safety and Corrections that all penalties, fees, fines and requirements of this [La. R.S. 32:863] have been met." La. R.S. 32:863.1C.(6) (emphasis added).

Boudreaux's car was impounded after he was found to be driving without a valid license, license plate, and proof of insurance. Accordingly, the impoundment was both required and lawful. And, under Louisiana law, Gary's Towing may not release Boudreaux's car from impoundment until proof of insurance has been presented to the Department of Public Safety and all penalties, fees, and fines have been paid. Boudreaux alleges no facts to conclude that he has complied with these requirements. Accordingly, his claims against Gary's Towing lack any basis in law. Boudreaux's claims against Gary's Towing are therefore frivolous and this Court *sua sponte* orders their dismissal.

### F. Leave to Amend

Ordinarily, "a court should grant a pro se party every reasonable opportunity to amend." *Hale v. King*, 642 F.3d 492, 503 n.36 (5th Cir. 2011) (cleaned up). However, the Fifth Circuit has explained that "plaintiffs cannot be allowed to continue to amend or supplement their pleadings until they

14

stumble upon a formula that carries them over the threshold." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Boudreaux has already amended his complaint once. Despite this, his claims still fail. Now Boudreaux seeks to amend his complaint and plead entirely different factual allegations. The Court will not permit this. Moreover, the Court finds it highly unlikely that an amended complaint based on Boudreaux's original version of the events underlying his suit would "carr[y] [him] over the threshold." *Jacquez,* 801 F.2d at 792. Allowing Boudreaux to amend his complaint would thus be futile. The Court therefore denies plaintiff's motion for leave to amend.

### G. Remaining Motions

Having found that Boudreaux's complaint must be dismissed with prejudice because it fails to state a claim upon which relief can be granted and is frivolous, the Court concludes that all other pending motions are moot.

15

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' second motion to dismiss[14] and DENIES plaintiff's motion for leave to amend.[15] The Court additionally DENIES as MOOT defendants first motion to dismiss,[16] DENIES as moot plaintiff's motion for reconsideration,[17] DENIES as MOOT plaintiff's motion for return of property,[18] and DENIES as MOOT plaintiff's motion seeking to challenge NOPD's jurisdiction over him.[19]

The Court DISMISSES plaintiff's claims WITH PREJUDICE.

New Orleans, Louisiana, this 19th day of September, 2025.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14] R. Doc. 24.
[15] R. Doc. 28.
[16] R. Doc. 20.
[17] R. Doc. 13.
[18] R. Doc. 17.
[19] R. Doc. 23.