UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROGER BOUDREAUX, JR. | CIVIL ACTION |
| VERSUS | NO. 25-1073 |
| NOPD OFFICER PREVOST, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is plaintiff Chief Little Sun Roger Boudreaux's 59(e) motion.[1] For the following reasons, the Court denies the motion.

### I. BACKGROUND

Plaintiff Chief Little Sun Roger Boudreaux, proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against the City of New Orleans, NOPD Officer Christopher Prevost, NOPD Officer Rydell Floyd, and Gary's Towing.[2] Plaintiff's complaint is based on a traffic stop by NOPD Officers Prevost and Floyd, and the subsequent arrest of plaintiff and impoundment of his vehicle.[3] On September 19, 2025, this Court dismissed plaintiff's complaint

---

[1]  R. Doc. 37.
[2]  R. Doc. 1.
[3]  R. Doc. 22.

with prejudice.[4]    Judgment was entered on September 22, 2025,[5] and plaintiff filed the instant motion on October 20, 2025.[6]

## II. LAW AND DISCUSSION

Rule 59(e) permits a party to file a "motion to alter or amend judgment . . . after the entry of the judgment." Fed. R. Civ. P. 59(e). A district court has "considerable discretion" under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, reconsideration of a judgment post-entry "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F. 3d 473, 479 (5th Cir. 2004). The Court must strike a balance between "(1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

To succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F. 3d 745, 763 (5th Cir. 2005). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or

---

[4]    R. Doc. 35.
[5]    R. Doc. 36.
[6]    R. Doc. 37.

2

arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F. 3d at 479.

Here, plaintiff has not shown that reconsideration is appropriate under the Rule 59(e) standard. Plaintiff does not assert that new facts have arisen, or that there has been an intervening change in the law. Nor does plaintiff contend with the findings of the Court in arguing that the Court erred. Instead, plaintiff lists a litany of alleged errors, none of which hold up to scrutiny. Plaintiff now lists a Louisiana Statute that he alleges the Court should have considered when evaluating his claims against Gary's Towing. But plaintiff did not bring a claim for violation of any Louisiana Statutes, his only claim was brought under 42 U.S.C. § 1983, which is not a remedy for violations of state statutes. *See, e.g., Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005). As to the NOPD Officers, plaintiff now lists NOPD Policies, which he claims the Officers were in *violation of*. However, plaintiff does not address this Court's determination that plaintiff has not identified a policy or custom that is the *moving force* behind the alleged constitutional violations, as is needed to bring a claim against the City and NOPD Officers in their official capacities. Nor does plaintiff address the Court's qualified immunity determination. As to this Court's denial of leave to amend his complaint for the second time, plaintiff himself writes that leave should be

3

given freely "absent factors such as undue delay, bad faith, or futility of amendment." Plaintiff in no way addresses the Court's determination that amendment would be futile. Plaintiff has failed to establish manifest error. He is not entitled to the "extraordinary remedy" of reconsideration under Rule 59(e). *Templet*, 367 F.3d at 479.

## III.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to alter or amend the judgment.

New Orleans, Louisiana, this __19th__ day of December, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE